G. Irving LATZ and Janet H. Latz, Plaintiff,

v.

Bernard T. GALLAGHER, et al., Defendants.

No. K81–109 CA.

United States District Court, W.D. Michigan, S.D.

Aug. 13, 1982.

Peter W. Steketee, Grand Rapids, Mich., for plaintiff.

Thomas J. Gezon, Asst. U.S. Atty., Grand Rapids, Mich., Susan Kantor Bank, Washington, D.C., for defendants.

Lawrence P. Mulligan, Grand Rapids, Mich., for Bell-Molhoek, Inc.

ORDER

BENJAMIN F. GIBSON, District Judge.

This action was brought pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001–4127 (the Act). Plaintiffs seek damages for the failure of the Federal Emergency Management Agency (FEMA)[1] to adjust and make payment on a claim filed on a flood insurance policy purchased from defendant Bell-Molhoek in 1979. Jurisdiction is asserted under both §§ 4053 and 4072 of the Act.

Now before this Court is the federal defendant's motion to strike the jury demand, the federal defendants asking this Court to determine whether there is a right to trial by jury in an action brought against the United States under the Act. It is clear that this question is controlled by the Supreme Court's recent decision in *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Under *Nakshian,* the once difficult determination of whether a right to jury trial attaches is now made by applying a simple test—i.e., has Congress "affirmatively and unambiguously granted that right by statute?" 101 S.Ct. at 2705. An examination of the Act shows that Congress has not done so in this case.

Section 4072 of the Act states in relevant part that

the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Secretary, may institute an action against the Secretary on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and *jurisdiction is hereby conferred upon such court*

1. The National Flood Insurance Program was initially operated by the National Flood Insurers Association pursuant to § 4011 of the Act. On January 1, 1978, the Department of Housing and Urban Development (HUD) assumed control of the program. *See* 42 F.R. 58569 (1977). Control of the program was subsequently assigned to FEMA. § 202, Reorg. Plan No. 3 of 1978, 43 F.R. 41943, *reprinted in* 5 U.S.C. app. at 360, 361 (Supp. III 1979).

*to hear and determine such action without regard to the amount in controversy.* 42 U.S.C. § 4072 (emphasis added). Plaintiffs argue that this language carries with it the right to jury trial because there is no contrary indication in the statute. *See United States v. Pfitsch,* 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084 (1921). Assuming, *arguendo,* that this was the correct method of statutory construction prior to *Nakshian,* [2] this Court is of the opinion that it has been effectively overruled. As the Supreme Court stated, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." 101 S.Ct. at 2702.

For this reason, the federal defendants' motion to strike the jury demand is granted.

IT IS SO ORDERED.

---

**2.** *But cf. Nakshian,* 101 S.Ct. at 2704 n. 13 (distinguishing *Pfitsch* ).