562 F.Supp. 690 (1983)
G. Irving LATZ and Janet H. Latz, husband and wife, Plaintiffs,
v.
Bernard GALLAGHER, et al., Defendants.
No. K81-109 CA8.
United States District Court, W.D. Michigan, S.D.
March 29, 1983.
*691 Peter W. Steketee, Steketee & Timmons, Grand Rapids, Mich., for plaintiffs.
Thomas J. Gezon, Asst. U.S. Atty., Grand Rapids, Mich., for Federal defendants.
Susan Kantor Bank, Washington, D.C., for Federal Emergency Management Agency.
Lawrence P. Mulligan, Smith, Haughey, Rice & Roegge, Grand Rapids, Mich., for Bell-Molhoek, Inc.

OPINION
BENJAMIN F. GIBSON, District Judge.
The plaintiffs are owners of a vacation home on the shore of Lake Michigan. In 1977 they purchased, through defendant Bell-Molhoek, a flood insurance policy on this property. The policy was issued pursuant to the National Flood Insurance Act (the Act), 42 U.S.C. §§ 4001-4128. The policy, with coverage of $55,000 on the building and $15,000 on the contents, was continued in force until March 1980.
In late 1979, the plaintiffs became concerned that the erosion of the Lake Michigan shoreline posed a threat to their home. After notifying the Department of Housing and Urban Development[1] of their problem and receiving no response, the plaintiffs had the home moved farther inland.
The plaintiffs filed a claim seeking to be reimbursed for the cost of moving the home under their flood insurance policy, but the claim was denied on May 13, 1980. The plaintiffs filed the instant suit, and demanded a jury trial, against both the Federal Emergency Management Agency (FEMA) and Bell-Molhoek on May 6, 1981. This action consists of six claims against each defendant:
1) Claims directly under §§ 4053, 4072 of the Act;
2) Claims for breach of contract;
3) Claims for vexatious refusal to pay the claim under the flood insurance seeking attorney fees pursuant to M.C.L. § 500.1830, repealed by Michigan Pub.Act No. 341, § 2 (1980) (effective June 23, 1981);
4) Claims for exemplary damages for intentional infliction of emotional distress;
5) Claims seeking to estop the defendants from arguing that the policy does not provide coverage;
6) Claims for intentional or negligent misrepresentation.
By its Order of August 13, 1982, the Court granted the federal defendant's motion to strike the jury demand as to it. Latz v. Gallagher, 550 F.Supp. 257 (W.D.Mich.1982).
After further reflection, the Court became concerned that it may lack subject *692 matter jurisdiction as to the federal defendant over the claims in Counts II-VI. The Court therefore ordered the parties to submit briefs addressing the issues of whether any of the claims were within the exclusive jurisdiction of the United States Claims Court or whether any of the claims should have been brought pursuant to the Federal Tort Claims Act (FTCA). Upon consideration of the briefs filed by the parties, the Court is of the opinion that it lacks subject matter jurisdiction over Counts II, III, IV and VI. These Counts are dismissed, for the reasons stated below, pursuant to Rule 12(h)(3), Fed.R.Civ.P.[2]
Any waiver of sovereign immunity must be strictly construed. Latz v. Gallagher, 550 F.Supp. at 258, citing Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). In the instant case, the waiver of sovereign immunity, other than under 42 U.S.C. § 4072, is under 28 U.S.C. §§ 1346(a)(2), 1346(b).[3] Under this statutory scheme, contract claims or claims not sounding in tort must be brought in the United States Claims Court unless the claim is for $10,000 or less, while claims sounding in tort may be brought only after the jurisdictional prerequisites of the Federal Tort Claims Act are met.
Count II, for breach of contract and seeking damages in excess of $10,000, is clearly within the exclusive jurisdiction of the Claims Court. As such it is hereby dismissed.
Counts IV and VI, for intentional infliction of emotional distress and intentional or negligent misrepresentation, clearly sound in tort and must be brought under the FTCA. In order to bring claims under the FTCA, there are certain jurisdictional prerequisites with which the plaintiffs must without exception comply. See Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982). Among these prerequisites is the filing of an administrative claim with the appropriate agency. 28 U.S.C. § 2675(a).
As the Sixth Circuit has stated, "the requirements of § 2675 are met `if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" Douglas v. United States, 658 F.2d 445, 447 (6th Cir.1981) (citations omitted).
Plaintiffs argue that the filing of the insurance claim constituted substantial compliance with the § 2675 requirements. With this assertion the Court cannot agree.
As Rogers states, the jurisdictional prerequisites must be strictly fulfilled. Strictly speaking, the filing of the insurance claim in this case could only be notice to FEMA of a possible breach of contract action, not actions which sound in tort. This is particularly true where, as here, the claims sounding in tort do not necessarily have a value placed upon them by the original insurance claim.
*693 The administrative claim requirement was enacted to give the agency a figure upon which to base its settlement strategy. See S.Rep. No. 1327, 89th Cong., 2d Sess., reprinted in 1966 U.S.Code & Ad.News 2515, 2517. Although the insurance claim would have given FEMA a starting point should it decide to settle the insurance claim, it would have given no assistance regarding these other claims. For this reason, Counts IV and VI must be dismissed.
Count III seeks attorney fees pursuant to a Michigan statute, M.C.L.A. § 500.1830, which allows the granting of fees for the vexatious refusal to pay an insurance claim. Although it is somewhat less clear than those causes of action in Counts IV and VI, the Court is of the opinion that this claim, even though based on an alleged breach of contract, sounds in tort and therefore falls within the constraints of the FTCA. By its terms, § 500.1830 is only applicable when vexatious conduct is present. Although there appears to be no Michigan cases defining vexatious refusal to pay, one source defines it as a refusal which is willful and without reasonable cause. Black's Law Dictionary 1403 (5th ed. 1979). This definition clearly sounds in tort. Therefore, and for the reasons stated above, Count III must also be dismissed for failure to comply with the jurisdictional prerequisites of the FTCA.

ORDER

On Motion for Jury Trial
Now before the Court is plaintiffs' motion for a jury trial of this matter, or in the alternative an advisory jury, as to the federal defendant. For the reasons stated below, this motion must be denied.
The waiver of sovereign immunity included in the National Flood Insurance Act, 42 U.S.C. §§ 4001-4128, must be strictly construed. Latz v. Gallagher, 550 F.Supp. 257 (1982). The Court is of the opinion that a strict construction of § 4072 of the Act precludes even an advisory jury as to the federal defendant.
The parties shall submit proposed findings of fact and conclusions of law, and/or proposed voir dire questions and jury instructions, as well as their trial briefs, on or before April 5, 1983.
IT IS SO ORDERED.
NOTES
[1] The National Flood Insurance Program was initially operated by the National Flood Insurers Association pursuant to § 4011 of the Act. On January 1, 1978, the Department of Housing and Urban Development (HUD) assumed control of the program. See 42 F.R. 58569 (1977). Control of the program was subsequently assigned to FEMA. § 202, Reorg. Plan No. 3 of 1978, 43 F.R. 41943, reprinted in 5 U.S.C. app. at 360, 361 (Supp. III 1979).
[2] This Court has jurisdiction over Count I pursuant to the terms of 42 U.S.C. § 4072. In addition, since the plaintiffs' estoppel claim, Count V, is merely an attempt to plead other grounds for coverage under the policy, the Court shall retain jurisdiction over it. The Court is mindful, however, of the federal defendant's argument, raised well beyond the October 1, 1982 motion deadline, that no estoppel argument may be made in light of 44 C.F.R. § 61.5(i). This argument may be raised again, of course, at the appropriate point during the trial of this matter.
[3] These statutes state in relevant part:

§ 1346
(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
(2) Any ... civil action or claim against the United States, not exceeding $10,000 in amount ... founded ... upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort....
(b) Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.