Roman **DAVIS**, Plaintiff,

v.

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
Defendant.

**Case No. 4:10cv101.**

United States District Court,
E.D. Virginia,
Newport News Division.

May 5, 2011.

Roman Davis, pro se.

Lawrence Steven Emmert, Steven Bruce Schwartzman, for Defendant.

*AMENDED OPINION AND ORDER*

F. BRADFORD STILLMAN, United States Magistrate Judge.

Plaintiff, Roman Davis, brought this *pro se* civil action against Defendant, Nationwide Mutual Fire Insurance Company. Presently before the Court are: Plaintiff's Objection to Moving the Civil Action from State Court to Federal Court (ECF No. 10), filed on October 19, 2010; Defendant's Motion to Dismiss Extra–Contractual and Tort Claims (ECF No. 12), filed on November 3, 2010; Plaintiff's Motion for a Trial by Jury (ECF No. 25), filed on December 7, 2010; and Defendant's Motion to Quash Plaintiff's Jury Demand (ECF No. 28), filed on December 21, 2010. The Court will rule on these motions without oral hearing pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action in the Circuit Court of York County–Poquoson on July 21, 2010. Plaintiff's original state-court complaint did not contain a jury demand. Compl., ECF No. 1 attach. 1. On August 17, 2010, the matter was removed by the Defendant to this Court pursuant to 28 U.S.C. § 1331. Notice of Removal, ECF No. 1.

Defendant filed its first Motion to Dismiss and supporting memorandum on August 23, 2010. ECF Nos. 5–6. Plaintiff filed a brief in opposition on September 7, 2010. ECF No. 8. In the last paragraph of Plaintiff's brief in opposition to the motion to dismiss, Plaintiff stated that "[t]he Plaintiff ask [sic] the Court to schedule a trial date with a jury and dismiss the motion to dismiss." Pl.'s Opp'n Br. 8, ECF No. 8. Plaintiff's one-page state-court

complaint listed four conclusory allegations, with the only readily apparent cause of action being non-payment of an insurance claim. This Court granted the motion to dismiss with leave for Plaintiff to amend. Order, October 6, 2010, ECF No. 9. On October 19, 2010, the Court received and filed Plaintiff's Amended Complaint and an "objection" requesting that the Court remand the case to state court. ECF Nos. 10–11.

Plaintiff's Amended Complaint expanded upon the conclusory statements contained in the original state-court complaint. Plaintiff's primary claim (labeled as Count 1) alleges that Defendant failed, under the terms of the insurance policy, to reimburse him for the full value of losses claimed in connection with a November 2009 flood. Am. Compl. 2, ECF No. 11. Plaintiff also raised a series of claims (labeled as Counts 2A, 2B, 2C, and 2D) that address issues beyond the Defendant's alleged breach of the insurance contract.

On November 3, 2010, Defendant filed a Motion to Dismiss Extra–Contractual and Tort Claims and memorandum in support (ECF Nos. 12–13), its opposition to Plaintiff's motion to remand the case and memorandum in support (ECF Nos. 14, 16), and its Answer to Count 1 of the Amended Complaint (ECF No. 15).

Plaintiff filed his brief in opposition to Defendant's motion to dismiss on November 10, 2010. ECF No. 19. On December 3, 2010, this Court issued its Rule 16(b) Scheduling Order. ECF No. 24. Paragraph 8 of the Rule 16(b) Scheduling Order stated: "Trial by jury has not been demanded." *Id.* at 4. Plaintiff filed his Motion for a Trial by Jury and supporting memorandum four days later on December 7, 2010. ECF Nos. 25–26. In lieu of a responsive brief, Defendant filed a Motion to Quash Jury Demand on December 21, 2010. ECF No. 28. Plaintiff filed an un-timely brief in response to the Motion to Quash Jury Demand on March 24, 2011. ECF No. 43.

## II. *Defendant's Motion to Dismiss*

### A. *Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, the plaintiff's complaint is to be construed in a "light most favorable to the plaintiff." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000).

To survive dismissal, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt,* 629 F.3d 369, 385 (4th Cir.2011) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). As the Fourth Circuit has explained,

> The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." It requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'"

*Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009) (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly,* 550 U.S. at 563, 127 S.Ct. 1955.

## B. *Preemption*

Plaintiff's Amended Complaint sets forth a series of claims against Defendant that arise from Defendant's partial denial of a flood damage claim submitted by Plaintiff under a Standard Flood Insurance Policy ("SFIP") issued by Defendant under the auspices of the National Flood Insurance Program ("NFIP"). The NFIP was established by Congress under the National Flood Insurance Act of 1968 ("NFIA") in order to make flood insurance available from the federal government on reasonable terms and conditions. 42 U.S.C. §§ 4001 *et seq.* The Director of the Federal Emergency Management Agency ("FEMA") functions as the sole administrator of the NFIP. *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir.2002). Under FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the Standard Flood Insurance Policy (SFIP)." *Id.* Under these terms, Defendant operates as an insurance carrier under FEMA's Write–Your–Own (WYO) Program.

> The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under the Government Program. Insurance companies which participate in the WYO Program are known as "WYO Companies." ... "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based upon the terms and conditions of the [SFIP]." Premiums collected by WYO Companies, after deducting fees and costs, must be deposited in the National Flood Insur-

> ance Fund in the United States Treasury.... In short, premiums collected on policies written by WYO Companies do not belong to those companies. Thus, claim payments on such policies are a direct charge on the United States Treasury.

*Battle*, 288 F.3d at 599–600 (citations omitted).

Principally, in Count 1 of the Amended Complaint, Plaintiff alleges that Defendant breached the SFIP contract by refusing to pay his claim for flood damages. Am. Compl. 2, ECF No. 11. In Count 2 of the Amended Complaint, Plaintiff asserts four additional causes of action distinct from his contractual insurance coverage claim. The Court, cognizant that Plaintiff is proceeding *pro se*, liberally construes the Amended Complaint's facts and allegations.[1] First, in Count 2A, Plaintiff asserts the SFIP contract sold to him by Defendant is "illegal," containing certain "illegal preferences, limitations, restrictions, [and] exclusions." *Id.* at 4. Second, in Count 2B, Plaintiff asserts that the Defendant failed to disclose certain terms that limited coverage with respect to post-FIRM buildings prior to his payment of the premium. *Id.* Third, in Count 2C, Plaintiff claims that Defendant insured Plaintiff under a more expensive policy than was necessary for Plaintiff's property. *Id.* at 5. Fourth, in Count 2D, Plaintiff asserts that Defendant discriminated against him based on the construction date of his home, denying coverage for flood damage to certain parts of his home while his neighbors received full reimbursement for damage to their earlier-constructed homes. *Id.*

In the motion to dismiss now under consideration, Defendant argues that these

---

1. The Court is also aware, however, that Plaintiff is on his second attempt to state a viable claim and has already benefited from the guidance of this Court's order dismissing his original complaint. Order of Oct. 6, 2010, at 2, ECF No. 9.

"extra-contractual claims" are preempted under federal law.[2] As this Court stated in its order dismissing Plaintiff's original complaint, Plaintiff's claims do not present a "typical insurance matter" because the insurance was purchased pursuant to the NFIP. Order of Oct. 6, 2010, at 2, ECF No. 9. Defendant, as a WYO Company, is bound by the provisions of the NFIA and implementing regulations promulgated by FEMA. In analyzing the nexus between the federal government and an insurance provider under the NFIP, the Fourth Circuit has stated that "a suit against a WYO Company is essentially a suit against FEMA. Likewise, a money judgment against a WYO Company is essentially a judgment against the government." *Studio Frames, Ltd. v. Standard Fire Ins. Co.,* 483 F.3d 239, 252 (4th Cir.2007).

There are three types of federal preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption. "The first two types of preemption turn on the intent of Congress, which either may be explicitly apparent (express preemption) or inferred from a comprehensive federal regulatory scheme (field preemption)." *Peal v. N.C. Farm Bureau Mut. Ins. Co.,* 212 F.Supp.2d 508, 513 (E.D.N.C.2002) (citing *Worm v. Am. Cyanamid Co.,* 970 F.2d 1301, 1304 (4th Cir. 1992)). Conflict preemption exists, regardless of congressional intent, whenever a state law or claim actually conflicts with federal law. *Id.*

Whether and to what extent state law tort claims are preempted by the NFIA and related FEMA regulations has

not been addressed by the Fourth Circuit. *See Battle,* 288 F.3d at 609 n. 20 (expressly declining to address preemption issue). But it is clear that federal law expressly preempts state law with respect to policy interpretation and claims handling in the flood insurance context. *See* 44 C.F.R. pt. 61 app. A(1) art. IX ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the [NFIA], and Federal common law."); *see also Gallup v. Omaha Prop. & Cas. Ins. Co.,* 434 F.3d 341, 345 (5th Cir.2005). It is not so obvious, however, that state law tort claims related to the procurement of flood insurance are preempted. *See, e.g., Moffett v. Computer Scis. Corp.,* 457 F.Supp.2d 571, 588 (D.Md. 2006) (procurement-related claims preempted); *Reeder v. Nationwide Mut. Fire Ins. Co.,* 419 F.Supp.2d 750, 761 (D.Md.2006) (procurement-related claims not preempted); *Scritchfield v. Mutual of Omaha Ins. Co.,* 341 F.Supp.2d 675, 680 (E.D.Tex.2004) (procurement-related claims preempted); *Houck v. State Farm Fire & Cas. Co.,* 194 F.Supp.2d 452, 461–69 (D.S.C.2002) (procurement-related claims not preempted); *Mason v. Witt,* 74 F.Supp.2d 955, 963 (E.D.Cal.1999) (procurement-related claims preempted).[3]

The Fifth Circuit is the only United States Court of Appeals to have addressed the question whether preemption bars state law procurement claims. In *Campo v. Allstate Insurance Co.,* 562 F.3d 751 (5th Cir.2009), the Fifth Circuit held that federal law does not preempt state law tort claims alleging negligent misrepresenta-

---

**2.** The Defendant does not seek dismissal of Plaintiff's claim that it breached the SFIP contract. Def.'s Mem. in Supp. 2, ECF No. 13.

**3.** The Court also notes that it has previously held, in a slightly different context, that state

law, rather than federal law, governed a policyholder's professional negligence, breach of contract, fraud, and constructive fraud claims related to the procurement of flood insurance. *See Waltrip v. Brooks Agency, Inc.,* 417 F.Supp.2d 768, 771–72 (E.D.Va.2006).

tion by a WYO Company in connection with the procurement of a flood insurance policy. *See id.* at 757–58.

*Campo* was decided in March 2009. In July 2009, FEMA issued a WYO Program Bulletin, publicly announcing its disagreement with the *Campo* decision and clarifying its interpretation of the proper scope of preemption under the NFIA and related regulations. In this bulletin, FEMA opined that the Fifth Circuit in *Campo* "significantly revised the scope of Federal preemption of ... state law tort remedies by the National Flood Insurance Act and its implementing regulations." Edward L. Connor, Acting Fed. Ins. Adm'r, Nat'l Flood Ins. Program, WYO Program Bull. No. W–09038, Notice of FEMA's Intent to Adopt, by Regulation, a Clarification of the Current Express Preemption Clause of the Standard Flood Insurance Policy (July 16, 2009), http://www.nfipiservice.com/pdf/bulletin/w–09038.pdf. The WYO bulletin continued, stating FEMA's interpretation of its own regulations governing the NFIP:

> FEMA previously understood and intended its regulations to preempt state law claims related to policy formation, renewal, and administration arising from allegations of WYO Company error as distinct from agent error (agent error is not subject to Federal regulation under 42 U.S.C. § 4081(c)). . . .

> Rather than its application in *Campo*, federal preemption should apply not just to claims handling activities, but also to policy administration. Specifically, preemption should apply to the nationally uniform and FEMA-mandated processes governing policy issuance and the administration of existing flood policies, including but not limited to rating, renewal, transfer, non-renewal, cancellation, or reformation. Insurance agent procurement disputes or any allegation of negli-

gence on the part of the insurance agent related to procurement are not subject to preemption.

*Id.; see also Remund v. State Farm Fire & Cas. Co.,* No. 2:07–cv–448, 2010 WL 2025591, at *3–*5 (D.Utah May 18, 2010) (relying on WYO Program Bulletin No. W–09038 in finding that procurement-related misrepresentation claims against WYO Companies were expressly preempted by 44 C.F.R. § 65.1(c) and 42 U.S.C. § 4081(c)).

■ FEMA's interpretation of its own regulations is entitled to substantial deference by this Court. *United States v. Hoechst Celanese Corp.,* 128 F.3d 216, 221 (4th Cir.1997); *see also Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) ("Provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."). "When an agency applies its 'regulation to complex or changing circumstances,' the Court has explained, this 'calls upon the agency's unique expertise and policymaking prerogatives' and courts must 'presume that the power authoritatively to interpret its own regulations is a component of the agency's delegated lawmaking powers.'" *Hoechst,* 128 F.3d at 221 (quoting *Martin v. OSHRC,* 499 U.S. 144, 151, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991)).

■ Accordingly, the Court concludes that federal law preempts state law not only with respect to policy interpretation and claims handling under the NFIP, but also with respect to policy issuance and administration, including the rating, renewal, transfer, non-renewal, cancellation, or reformation of any SFIP contract issued by a WYO Company on behalf of the NFIP. The Court further concludes that state law tort claims against an insurance agent or broker, as distinct from a WYO

Company, that involve procurement disputes or allegations of procurement-related negligence, are not preempted.

### C. *Plaintiff's Claim That the SFIP Is "Illegal"*

■ In Count 2A, Plaintiff asserts that Defendant "did knowlingly [sic] sell an illegal flood insurance policy to the plaintiff and public for profit." Am. Compl. 4, ECF No. 11. In support of this assertion, Plaintiff alleges that Defendant, in issuing the SFIP contract, "incorporated illegal preferences, limitations, restrictions, [and] exclusions from one home owner to another in the same neighborhood and flood zone by implementing clauses in the polices like [post-FIRM] building.... [These terms] resulted in reductions of payment of claims versus actual loss for some individuals buying the same insurance coverage for building and content." *Id.* Thus, Plaintiff appears to assert that the terms of the SFIP itself, as promulgated by FEMA, are illegal because they result in discriminatory treatment of owners of post-FIRM buildings.[4]

To the extent that Plaintiff is attempting to assert a state law tort claim, this claim appears to implicate policy issuance, policy administration, and claims handling in connection with an insurance policy issued under the NFIP. Accordingly, any such state law tort claim is preempted by the NFIA and related regulations.

■ Construing the complaint liberally, however, this claim may also be viewed as asserting an equal protection claim, alleging discrimination between owners of post-FIRM and pre-FIRM buildings. Defendant denied coverage for certain losses claimed by Plaintiff pursuant to Paragraph 8 of Coverage A (pertaining to "Building Property") and Paragraph 3 of Coverage B (pertaining to "Personal Property"). Both provisions imposed limitations on coverage for property located "below the lowest elevated floor of an elevated post-FIRM building located in [certain designated flood zones], or in a basement, regardless of the zone." Pl.'s Opp'n Br. Ex. 1 art. III(A)(8) & (B)(3); *see also* 44 C.F.R. pt. 61 app. A(1) art. III(A)(8) & (B)(3). Plaintiff appears to challenge these provisions on the ground that they create an impermissible distinction between SFIP policyholders solely on the basis of the construction date of their homes.

■ As a federal constitutional challenge, this claim is not preempted. But it nonetheless must be dismissed, as Plaintiff's complaint fails to allege sufficient facts to assert a colorable equal protection claim. In particular, the Court notes that Plaintiff has not alleged any facts to establish that he is a member of a protected class or that his fundamental rights have been violated, nor has Plaintiff alleged any facts to suggest that the government lacks a rational basis for the distinction between post-FIRM and pre-FIRM buildings for the purpose of providing federally-funded flood insurance.[5] Indeed, the rationale for such a distinction is self-evident: The builder or purchaser of a home built after the effective date of the

---

4. Under the definitions provided in the SFIP, a post-FIRM building is "a building for which construction or substantial improvement occurred after December 31, 1974, or on or after the effective date of an initial Flood Insurance Rate Map (FIRM), whichever is later." *See* 44 C.F.R. pt. 61 app. A(1) art. II(B)(23); *see also* Pl.'s Opp'n Br. Ex. 1 art. II(B)(23), ECF No. 8.

5. To plead a colorable equal protection claim, a complaint must set forth facts alleging that: (a) the plaintiff is a member of a suspect or quasi-suspect class; (b) the plaintiff's fundamental rights have been violated; or (c) the plaintiff has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See In re Premier Auto. Servs., Inc.,* 492 F.3d 274, 283 (4th Cir.2007) (quot-

applicable initial Flood Insurance Rate Map, published by the NFIP, invariably will have notice that the home is located within one of the designated flood zones that trigger this coverage limitation, whereas the owners of homes built prior to the effective date of the applicable initial Flood Insurance Rate Map cannot be considered to have such notice when the flood zone designation did not occur until some date after the home already had been built. The SFIP acknowledges this distinction by limiting coverage under these two provisions only for homes that were constructed with clear notice that they were being built in an area prone to flooding for which insurance coverage may be so limited. *See generally Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, Civil Action No. 07–4661, 2009 WL 82555, at *3 n. 5

(E.D.La. Jan. 12, 2009) (finding "that the federal government has a legitimate interest in regulating the distribution of federal funds and that the NFIP and SFIP are rationally related to that purpose").

Accordingly, the Court finds that Count 2A, asserting that the SFIP is "illegal," is preempted to the extent that it seeks to assert a state law tort claim, and it fails to state a claim for which relief can be granted to the extent that it seeks to assert a federal equal protection claim. In any event, Count 2A of the Amended Complaint is DISMISSED WITH PREJUDICE.

### D. *Plaintiff's Claim of Discriminatory Claims Handling*

 Count 2D is a variation on Count 2A. In Count 2D, Plaintiff asserts

ing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)). If a suspect classification or violation of a fundamental right is alleged, the government has the burden of demonstrating that "its classification has been precisely tailored to serve a compelling governmental interest." *See Plyler v. Doe*, 457 U.S. 202, 217, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *see also* 16B C.J.S. Const. L. § 1117 (2011) ("Classifications based on race and color, alienage, religion, and national origin are inherently suspect for the purpose of strict judicial scrutiny."); *id.* § 1118 ("Strict scrutiny applies to an analysis of classifications impinging on such fundamental rights as marriage and procreation, voting, and the right to travel."). If a quasi-suspect classification is alleged, the government has the burden of demonstrating that the classification "may fairly be viewed as furthering a substantial interest of the State." *See Plyler*, 457 U.S. at 217–18, 102 S.Ct. 2382; *see also* 16B Am. Jur.2d Const. L. § 861 (2011) ("In the case of sex or gender discrimination or illegitimacy, for instance, the proper standard to apply is the intermediate scrutiny standard.") (footnotes omitted). But "a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." *See Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). "Such a classification cannot

run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Id.* at 320, 113 S.Ct. 2637. In such a case, "[a] statute is presumed constitutional and '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it,' whether or not the basis has a foundation in the record." *Id.* at 320–21, 113 S.Ct. 2637. *See generally* James A. Kushner, Government Discrimination: Equal Protection Law and Litigation chs. 5, 6 (2010) (providing a taxonomy of recognized classifications and fundamental rights).

In this case, where Plaintiff alleges neither suspect or quasi-suspect classification nor violation of any recognized fundamental right, the distinction between pre- and post-FIRM homeowners is examined under the relatively relaxed rational basis standard, which requires Plaintiff to establish that he has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564, 120 S.Ct. 1073; *see also Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, Civil Action No. 07–4661, 2009 WL 82555, at *3 n. 5 (E.D.La. Jan. 12, 2009) (applying rational basis review).

that Defendants impermissibly discriminated against the owners of post-FIRM buildings by selling the same form of SFIP to all policyholders but then paying claims differently based on whether a flood-damaged building was built pre- or post-FIRM. To the extent that Plaintiff is seeking to assert a state law claim with respect to discriminatory payment of claims under the SFIP, such handling-related claims are preempted by federal law. And as with Count 2A, to the extent the claim may be construed as an equal protection claim, it likewise fails to state a claim upon which relief can be granted because Plaintiff fails to allege sufficient facts to establish that he is a member of a protected class or that his fundamental rights have been violated, nor has Plaintiff alleged any facts to suggest that the government lacks a rational basis for the distinction between pre-FIRM and post-FIRM buildings for the purpose of providing federally-funded flood insurance. Accordingly, Count 2D of the Amended Complaint, asserting that Defendant impermissibly discriminated against the owners of post-FIRM buildings by paying claims differently based on whether a flood-damaged building was built pre- or post-FIRM, is DISMISSED WITH PREJUDICE.

### E. Plaintiff's Failure to Disclose Claim

██ As understood by the Court, Count 2B asserts that Defendant misrepresented the scope of coverage afforded to him under the SFIP contract by failing to disclose certain coverage limitations.

Plaintiff alleges that Plaintiff sold him a flood insurance policy without first disclosing limitations on coverage applicable to post-FIRM buildings, and without providing him with a copy of the SFIP contract containing these limitations until after Plaintiff had already paid the applicable premium.[6] Am. Compl. 4, ECF No. 11.

To the extent that Count 2B asserts a state law claim for negligent misrepresentation against Defendant, a WYO Company, the Court finds that this claim relates to policy administration, including policy issuance and renewal in particular, and it is therefore preempted by federal law. *See* 42 U.S.C. § 4081(c); 44 C.F.R. § 61.5(e); WYO Program Bull. No. W–09038; *Remund,* 2010 WL 2025591, at *3–*5.

██ To the extent that Count 2B is intended to assert a state law claim for negligent misrepresentation by an individual insurance agent or broker in connection with procurement of a flood insurance policy for Plaintiff, such a claim would not be preempted by federal law. *See* WYO Program Bull. No. W–09038; *Remund,* 2010 WL 2025591, at *5. But Nationwide Mutual Fire Insurance Company is the only defendant named in this case. Plaintiff has failed to join as a defendant any individual agent or broker who might be held liable for such a claim.

██ Even if Count 2B were not preempted, the Court notes that it would still fail to state a claim for which relief can be granted. As a matter of law, Plaintiff cannot establish that he reasonably relied on any representations by Defen-

---

**6.** Plaintiff also suggests in the body of this count that his home was constructed in 1974, and therefore coverage was wrongly denied as his home is a pre- rather than post-FIRM building. Am. Compl. 4–5, ECF No. 11. He subsequently submitted a copy of the declarations page from his homeowner's policy, also issued by Defendant, characterizing his home as having been constructed in 1974. Pl.'s Opp'n Br. Ex. 5, ECF No. 8. This alleged fact may be pertinent to Plaintiff's breach of contract claim (Count 1), but it is not material to this extra-contractual claim for negligent misrepresentation.

dant or any individual agent or broker with respect to the scope of coverage afforded under the SFIP contract issued to him. For one, Plaintiff appears to have had actual notice of the terms of the SFIP contract, including the challenged limitation on coverage for post-FIRM buildings. The facts alleged by Plaintiff indicate that the transaction at issue was not the initial issuance of a flood insurance policy to Plaintiff, but the *renewal* of an existing policy. *See* Am. Compl. 5 (noting that the policy at issue "was a policy for insurance that I had previously [sic] purchased"), ECF No. 11; *see also* Pl.'s Opp'n Br. Ex. 4 (flood insurance renewal premium notice), ECF No. 8. Although Plaintiff asserts that the coverage limitation at issue was not disclosed to him until he received a copy of the SFIP contract at issue some time after its effective date of December 11, 2008, this particular policy was a renewal of a previous SFIP contract containing the very same policy language limiting coverage applicable to post-FIRM buildings— policy language which had remained unchanged since it was first implemented in 2001. *See* NFIP Insurance Coverage and Rates, 65 Fed.Reg. 60,758, 60,771 (Oct. 12, 2000) (effective Dec. 31, 2000) (revising the SFIP to include the precise language at issue in this case).

In any event, Plaintiff had constructive notice of the policy terms limiting coverage to post-FIRM buildings. *See Richmond Printing LLC v. FEMA,* 72 Fed.Appx. 92, 98 (5th Cir.2003) ("[T]he special nature of the insurance relationship . . . charges the insured with the duty of understanding the terms of the SFIP so that he may deal appropriately with the government and its appointed agents."); *Larmann v. State Farm Ins. Co.,* No. Civ. A. 03–2993, 2005 WL 357191, at *5 (E.D.La. Feb. 11, 2005) ("[T]he insured is charged with the constructive knowledge of the provisions of the SFIP 'regardless of actual knowledge

of what is in the regulations or of the hardship resulting from ignorant innocence.' ") (quoting *Fed. Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S.Ct. 1, 92 L.Ed. 10 (1947)); *see also Heckler v. Comty. Health Servs. Of Crawford County,* 467 U.S. 51, 63, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984) (stating "the general rule that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law").

Accordingly, the Court finds that Count 2B, asserting that Defendant misrepresented the scope of coverage afforded to him under the SFIP by failing to disclose certain coverage limitations, is preempted to the extent that it seeks to assert a state law claim for negligent misrepresentation against Defendant, and that it fails to state a claim upon which relief can be granted in any event. Therefore, Count 2B of the Amended Complaint is DISMISSED WITH PREJUDICE.

### F. *Plaintiff's Negligent Procurement or Reformation Claim*

▆ In Count 2C, Plaintiff asserts that Defendant Mid knowlingly [sic] without disclosure sell a different flood insurance policy for building and contents on a type of building different than the specifications of the building the plaintiff owned and based the price of the insurance policy that was paid by plaintiff on the wrong type of building." Am. Compl. 5, ECF No. 11. As understood by the Court, Count 2C alleges that the insurance agent responsible for preparing the SFIP issued to Plaintiff mistakenly characterized his one-floor single-family home as a two-floor single-family home, and as a result, Plaintiff paid a higher premium than he otherwise would have been charged. Plaintiff does not expressly identify the legal cause of action asserted, but construed liberally, Count 2C

may be viewed as asserting one of two alternative claims: (1) a claim of negligence with respect to the procurement of the SFIP contract at issue; or (2) a claim for reformation of the policy to properly reflect his home as a one-story single-family home, presumably resulting in a refund of any overpayment of premiums.

To the extent that Count 2C asserts a state law claim for negligence against Defendant, a WYO Company, the Court finds that this claim relates to policy administration, including policy issuance and renewal in particular, and it is therefore preempted by federal law. *See* 42 U.S.C. § 4081(c); 44 C.F.R. § 61.5(e); WYO Program Bull. No. W–09038; *Remund*, 2010 WL 2025591, at *3–*5.

■ To the extent that Count 2C is intended to assert a state law claim for negligence by an individual insurance agent or broker in connection with procurement of a flood insurance policy for Plaintiff, such a claim would not be preempted by federal law. *See* WYO Program Bull. No. W–09038; *Remund*, 2010 WL 2025591, at *5. But Nationwide Mutual Fire Insurance Company is the only defendant named in this case. Plaintiff has failed to join as a defendant any individual agent or broker who might be held liable for such a claim.

■ To the extent that Count 2C is intended to assert a state law claim for reformation of the flood insurance policy issued to Plaintiff, such a claim is preempted by federal law. *See* 44 C.F.R. pt. 61 app. A(1) art. VII(G) (pertaining to "Reduction and Reformation of Coverage"); WYO Program Bull. No. W–09038; *see also* 44 C.F.R. § 62.5 (pertaining to "Premium Refunds"). Moreover, under the terms of the SFIP contract, reformation is only available in situations where an *insufficient* premium was charged. *See* 44 C.F.R. pt. 61 app. A(3) art. VII(G). The

SFIP does not provide a mechanism whereby the alleged overpayment of a premium may be refunded.

Accordingly, the Court finds that Count 2C, which asserts a claim for either negligent procurement or for reformation of Plaintiff's flood insurance policy, is preempted to the extent that it seeks to assert a state law claim for negligence or for reformation, and that it fails to state a claim upon which relief can be granted in any event. Therefore, Count 2C of the Amended Complaint is DISMISSED WITH PREJUDICE.

### G. *Conclusion*

For the foregoing reasons, Defendant's Motion to Dismiss Extra–Contractual and Tort Claims (ECF No. 12) is GRANTED and Counts 2A, 2B, 2C, and 2D of the Amended Complaint (ECF No. 11) are DISMISSED WITH PREJUDICE.

### III. *Plaintiff's Objection to Removal*

■ Following the dismissal of Counts 2A, 2B, 2C, and 2D of the Amended Complaint, Count 1 is the Plaintiff's only remaining live claim. In Count 1, Plaintiff asserts that Defendant breached the SFIP contract by denying coverage with respect to certain flood damage to Plaintiff's home. This remaining claim will involve interpretation of a Standard Flood Insurance Policy, issued under the National Flood Insurance Program pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001 *et seq.*, which in turn confers original exclusive jurisdiction upon the federal courts with respect to any action seeking the payment of claims under the NFIP. *See* 42 U.S.C. § 4072. Accordingly, this action involves a substantial issue of federal law, and as a result, the Court possesses federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Newton v. Capital Assurance Co., Inc.*, 245

F.3d 1306, 1308 (11th Cir.2001) (holding that a breach of SFIP contract claim raises a substantial federal question). This action was therefore properly removed by Defendant pursuant to 28 U.S.C. § 1441(b).

▮ On October 19, 2010,[7] the Court received and filed the Plaintiff's Objection of Moving the Civil Action from State Court to Federal Court (ECF No. 10), which the Court construes to be a motion to remand the case to state court pursuant to 28 U.S.C. § 1447(c). In support of his motion to remand, Plaintiff argues that the case should be remanded because it involves a transaction that occurred in Virginia, and because Defendant is a Virginia company doing business in Virginia.[8] Otherwise, Plaintiff does not identify any jurisdictional or procedural defects that would justify remand pursuant to 28 U.S.C. § 1447.

In light of the federal courts' exclusive jurisdiction with respect to litigation concerning payment of NFIP claims, and in the absence of any jurisdictional or procedural defects that might justify remand, Plaintiff's motion to remand (ECF No. 10) is DENIED.

### IV. *Plaintiff's Motion for a Jury Trial*

▮ On December 7, 2010, the Court received and filed Plaintiff's Motion for a Trial by Jury (ECF No. 25) and a memorandum in support (ECF No. 26).

Rule 38 of the Federal Rules of Civil Procedure provides that:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) Serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
>
> (2) Filing the demand in accordance with Rule 5(d).

Fed.R.Civ.P. 38(b).

On September 7, 2010, the Court received and filed Plaintiff's Brief on Defendant Nationwide Mutual Fire Insurance Company's Motion to Dismiss. ECF No. 8. In the penultimate sentence of this brief opposing Defendant's motion to dismiss the original complaint, Plaintiff stated: "The Plaintiff ask [sic] the Court to schedule a trial date with a jury and dismiss the motion to dismiss." Pl.'s Opp'n Br. 8, ECF No. 8. The brief also contains a certificate of service, indicating that it was served by mail addressed to counsel for Defendant on September 3, 2010. *Id.* On October 6, 2010, the motion to dismiss was

---

**7.** Pursuant to statute, a motion to remand ordinarily must be made within 30 days after the notice of removal has been filed. 28 U.S.C. § 1447(c). The notice of removal in this case was filed on August 17, 2010, making Plaintiff's motion to remand untimely. Plaintiff's cover letter to his motion to remand suggests that he had previously sent the motion to the Court by mail on September 3, 2010, but that for some reason it had not been received and docketed. The Court need not resolve whether the motion is timely, however, in light of Defendant's Opposition to Motion to Remand (ECF No. 14), which addressed Plaintiff's motion to remand on its merits without addressing the timeliness of the motion. By declining to raise an untime-

liness objection in its response, Defendants have waived any such objection. *See Student A. v. Metcho,* 710 F.Supp. 267, 269 (N.D.Cal. 1989).

**8.** While not material to this case, in light of the Court's federal question jurisdiction, *see* 28 U.S.C. § 1331, and Congress's grant of exclusive jurisdiction to the federal courts with respect to litigation concerning payment of NFIP claims, *see* 42 U.S.C. § 4072, the Court notes that Nationwide Mutual Fire Insurance Company is not a Virginia corporation, but rather an Ohio corporation authorized to do business in Virginia.

granted with leave for Plaintiff to file an amended complaint. Order of Oct. 6, 2010, ECF No. 9. The Court received and filed Plaintiff's Amended Complaint (ECF No. 11) on October 19, 2010, and Defendant filed its answer to Count 1 of the Amended Complaint (ECF No. 15) on November 3, 2010.

Having granted Defendant's motion to dismiss with respect to Counts 2A, 2B, 2C, and 2D of the Amended Complaint, the only remaining issues in the case are raised in Count 1, with respect to which the last pleading was served on November 3, 2010.

Based on the foregoing, the Court FINDS that Plaintiff timely filed and served his written jury demand in accordance with Rule 38 by filing and serving his brief in opposition to the motion to dismiss his original complaint (ECF No. 8), which contained a written demand for a jury trial. Because this earlier written jury demand preserved Plaintiff's right to a trial by jury, to the extent he has such a right, the instant Plaintiff's Motion for a Trial by Jury (ECF No. 25) is DENIED as MOOT.

### V. Defendant's Motion to Quash Jury Demand

On December 21, 2010, Defendant filed a Motion to Quash Jury Demand (ECF No. 28) and a memorandum in support (ECF No. 29). Having granted Defendant's motion to dismiss Counts 2A, 2B, 2C, and 2D of the Amended Complaint, the only remaining issues in the case are raised in Count 1, which asserts an insurance coverage claim concerning payment of a flood damage claim pursuant to a Standard Flood Insurance Policy issued to Plaintiff by Defendant, a WYO Company, under the auspices of the NFIP.

It is well established that the constitutional right to a jury trial does not apply to actions against the United States government, absent an express statutory grant by Congress of a right to jury trial against the federal government. *Lehman v. Nakshian*, 453 U.S. 156, 160–62, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). With respect to the NFIP, there is no such express grant of authority. *See* 42 U.S.C. § 4072; *Kolner v. FEMA*, 547 F.Supp. 828, 830 (N.D.Ill.1982); *Latz v. Gallagher*, 550 F.Supp. 257, 257 (W.D.Mich.1982). Because claim payments under a SFIP contract are paid by the United States Treasury, rather than by the WYO Company, which merely acts as a servicing agent for FEMA under the WYO Program, any judgment for Plaintiff in this case would result in a direct charge on the public treasury. *See Studio Frames*, 483 F.3d at 252; *Newton*, 245 F.3d at 1311. Accordingly, Plaintiff has no right to a jury trial with respect to his remaining claims. *See Reeder*, 419 F.Supp.2d at 766 ("It is well-established that Congress has not provided for the right to a jury trial in actions against FEMA or a WYO Company with respect to claims for coverage under a SFIP or disputes regarding terms of the SFIP."); *Kolner*, 547 F.Supp. at 830; *Latz*, 550 F.Supp. at 257.

Defendant's Motion to Quash Jury Demand (ECF No. 28) is therefore GRANTED. This matter shall be scheduled for a bench trial.

### VI. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss Extra–Contractual and Tort Claims (ECF No. 12) is GRANTED, and Counts 2A, 2B, 2C, and 2D of the Amended Complaint (ECF No. 11) are DISMISSED WITH PREJUDICE;

2. Plaintiff's Objection of Moving the Civil Action from State Court to Federal

Court (ECF No. 10), construed by the Court as a motion to remand pursuant to 28 U.S.C. § 1447(c), is DENIED;

3. Plaintiff's Motion for a Trial by Jury (ECF No. 25) is DENIED as MOOT; and

4. Defendant's Motion to Quash Jury Demand (ECF No. 28) is GRANTED.

The Clerk shall mail a copy of this Opinion and Order to Plaintiff and to counsel for Defendant.

IT IS SO ORDERED.